## V. S. H. REALTY, INC.
### v.
## Eugene L. GENDRON, Jr., et al.

Supreme Judicial Court of Maine.

May 21, 1975.

Preti & Flaherty by Harold C. Pachios, David M. Cohen, Portland, for plaintiff.

Wilson, Steinfeld, Murrell & Lane by Henry Steinfeld, Thomas P. Wilson, Portland, for defendants.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

ARCHIBALD, Justice.

On appeal by the defendants.

Acting pursuant to Rule 80B, M.R.C.P., the plaintiff appealed to the Superior Court from a decision of the South Portland City Council (Council) denying its application for a license "to mix, store and keep for sale flammable liquids." The case was submitted to the Justice below on an agreed statement of facts resulting in a finding that the denial of the plaintiff's license application was "arbitrary, capricious and against the evidence and the law," and an order that the defendants issue the license applied for.

We deny the appeal.

The record on appeal is identical to that presented to the Justice below, which we summarize.

Desiring to operate a self service gasoline station, the appellee made application for an appropriate license and, to support the application, sought and obtained certification by the South Portland Fire Chief that the issuance of the license would not adversely affect the health, safety and welfare of the public.

The Fire Chief certified to the safety of the proposed station[1] upon the condition that appellee agree to meet certain additional safety requirements, chief among which were the requirements that a "dead-man switch" be installed as part of the controls of the facility and that the controls be installed at a window facing the gasoline pumps.[2] Also, it was required that the station conform to the special regulations for attending self service gasoline stations that were issued July 1, 1973, by the State of Maine Department of Public Safety. Appellee agreed to these demands.

A hearing on the application was duly held by the defendant, at which time the evidence above recited in summary form was presented. No *evidence* in opposition to the application was offered.[3] However, one of the Councilors, as a preliminary to his motion to deny the application, spoke in opposition and concluded by saying:

> "The one violation, Mr. Chairman, is the one I am concerned with. I am not concerned with the fact that we will lift their license for that second burning of that section of the city probably because of some violation. Not the second one I am interested in, I'm interested in the first one, see, to prevent the first one. We all know if using this so called 'dead man' control that there is always that fact of careless involved of people distracting you and you are looking around and not watching what is done. Every time a tank is shut off there is ample gasoline in that hose to start any type of a fire. So that if the individual is to wait on trade, after he has taken his hands off the control, presumably to stop the flow of gasoline, that there is enough gasoline in that hose to start some fire. This is what I am trying to prevent. Now, about six months ago or more an oil company came before this Council requesting the same type of a station out on Payne Road or Gorham Road, somewhere out that way, they requested one. We denied them for the same purpose of the safety angle. This application has come before us before and it was denied because of the safety angle. Gentlemen, I don't see how we can sit here this evening and grant a license on the contention that an individual is going to be alert at a station considering the type of employment they are hiring in many types of businesses today, those who just have no regard for public safety. Now, I'm not saying this company would do that any more than any other one, I am sure this is a reputable company. I am just saying we should take a strong look before we permit unattended explosives such as gasoline to go on in the City of South Portland."

A unanimous vote was then recorded to deny the application.[4]

---

1. The record contains a stipulation that in connection with his certification "the Fire Chief specifically considered and applied the standards contained in Section 16–64(c) of the American Insurance Association Fire Prevention Code, adopted by the City of South Portland in 1966."

2. If the operator left the cubicle in which the controls were located, the automatic switch would shut off the flow of gasoline completely.

3. The record on appeal contains this stipulation: "At no time . . . was any evidence presented to the Defendants that the health, safety or welfare of the citizens of South Portland would be adversely affected by the issuance of the flammable liquids license applied for by the plaintiff."

4. It is not entirely clear that the approval of the Council was necessary. The record does not contain all the applicable ordinances and the one disclosed in the record requires such approval "whenever an automobile service station ceases to do business continuously for six (6) months." Our review of the record discloses that the period of disuse was nineteen days only. However, in view of the fact that both parties have briefed and argued the case on the *assumption* that such approval is necessary, we will entertain the same assumption. We note also that the Justice below apparently operated on the same assumption.

As a prelude, we must delineate the scope of appellate review. While 30 M.R. S.A. § 2151(4)(C)(5)(b) authorizes an appeal to the Superior Court from a denial of a permit by the municipal officers and indicates that the appeal is to be heard de novo, the Superior Court does not thereby become the trier of fact. It may not substitute its judgment for that of the municipal administrative agency but limits its review to errors of law. Lippoth v. Zoning Bd. of App., City of So. Portland, 311 A.2d 552 (Me.1973); Moyer v. Board of Zoning Appeals, 233 A.2d 311 (Me.1967). Thus, our review is limited to a determination of whether the Justice below correctly concluded that the denial of the requested license was arbitrary and capricious, there being no challenge to the procedural aspects of the hearing. *Lippoth, supra.*

Appellants defend their decision as a proper exercise of discretion. While an administrative agency of government does possess a broad area of discretion, it is apparent that the Legislature intended,[5] and appellate review requires, that a decision be based upon substantial evidence rather than the visceral reactions of its members. Wright v. Superintending Sch. Com., City of Portland, 331 A.2d 640 (Me. 1975); In Re Maine Clean Fuels, Inc., 310 A.2d 736 (Me.1973). When, as in the instant case, the application was supported by *uncontradicted* evidence that the proposed operation did not pose a threat to the public safety, the Council may not base its adverse decision, however well motivated, solely upon the personal opinion of one of its members, particularly where the reservations expressed were purely speculative.

The Justice below correctly found that the decision of the South Portland City Council could not be upheld.

The entry is:

Appeal denied.

DUFRESNE, C. J. and POMEROY, WERNICK and DELAHANTY, JJ., concur.

WEATHERBEE, J., dissents.

WEATHERBEE, Justice (dissenting).

I respectfully dissent.

Some facts are so self-evident as to require no proof. The highly volatile nature of gasoline is well known. So is the fact that among the members of the travelling public there are some persons whose carelessness and irresponsibility make it inappropriate for them to be handling gasoline in large quantities in areas where they may expose other members of the public to danger. The City Council did not need testimony of witnesses as to these indisputable facts.

The Council did hear proponent's testimony to the effect that the danger from the human factor could be reduced substantially by requiring certain operating procedures but, in my opinion, the Council had discretion to make a policy decision that the risk still remaining was unacceptable.

This was apparently the conclusion of the Council.

I would remand to the City Council for completion of the record showing its reasons and findings of fact as is required by 1 M.R.S.A. § 404-A.

5. 1 M.R.S.A. § 404-A requires every "municipal and quasi-municipal office, agency, department, bureau, district, commission or other entity thereof" to make a written record whenever it denies any type of permit and to set forth its reasons and findings of fact.