## MUTTON HILL ESTATES, INC.

v.

## TOWN OF OAKLAND, et al.

Supreme Judicial Court of Maine.

Argued Nov. 10, 1983.

Decided Dec. 15, 1983.

Nale & Nale, John E. Nale (orally), Waterville, for plaintiff.

Daviau, Jabar & Batten, Joseph M. Jabar (orally), George M. Jabar II, Waterville, for defendants.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

GLASSMAN, Justice.

The Town of Oakland, the Oakland Planning Board, and the Oakland Board of Appeals appeal from a judgment of the Superior Court, Kennebec County, vacating and reversing the Planning Board and Board of Appeals' denials of an application for subdivision approval submitted by Mutton Hill Estates, Inc., and remanding for the approval of such application. We affirm the Superior Court's finding that the appellants violated Mutton Hill's right to due process by unlawful preparation of the findings of facts supporting denial of Mutton Hill's application. However, because of this violation, there is no determination of the merits of Mutton Hill's application. We therefore vacate the Superior Court's order reversing the appellants' denial of Mutton Hill's application, and remand the case to that court for its determination whether Mutton Hill's proposal complies with local ordinances and state law.

## I.

In 1979 Mutton Hill Estates, Inc., pursuant to 30 M.R.S.A. § 4956, first sought approval from the Oakland Planning Board of its plan to develop a twelve-lot residential subdivision off the McGrath Pond Road in Oakland. Although the proposal was given preliminary approval, and the Department of Environmental Protection reviewed and approved it, the Planning Board, by a 3 to 2 vote, refused to grant final approval of the plan. A timely appeal was filed with the Oakland Board of Appeals. The June 2, 1980 decision of the Board of Appeals stated:

Now therefore, Appellant's appeal is denied in so far as it argues that the Oakland Planning Board was required by the Subdivision Ordinance to grant Final Approval because of its conditional Preliminary Approval or because of any estoppel argument and Appellant's appeal

is granted on the ground that at the time of its denial of Final Approval the Oakland Planning Board made no written findings of fact establishing that the proposed subdivision did not meet the requirements of the Subdivision Ordinance and 30 M.R.S.A., Section 4956.

On June 30, 1980, Mutton Hill, pursuant to 30 M.R.S.A. § 2411(3)(F), filed a complaint in the Superior Court, seeking review of the Board's action, in accordance with M.R. Civ.P. 80B.

On January 2, 1981, the Superior Court, on "the very sparse record supplied" to it, found the Planning Board had "failed to make any substantial findings of fact to support its conclusions." The court, apparently intending to retain jurisdiction over the matter, remanded the case to the Board of Appeals:

> Because the Oakland Board of Appeals failed to decide the matter one way or the other, the case must be remanded to that Board. Because plaintiff has already expended a substantial amount of money, the defendants are estopped from any de novo further proceedings. The Board of Appeals must either sustain or deny the appeal to it, or in the alternative, remand the case to the Oakland Planning Board for findings of fact to support the action it took on April 15, 1980 denying final approval. If the latter proceeding is adopted, the Planning Board may not initiate de novo proceedings. It must find facts already before it on the record.

On February 19, 1981, the Oakland Board of Appeals remanded the matter to the Planning Board for findings of fact. That Board did not act on the remand order. Approximately three months later, Mutton Hill filed a motion to reopen its Rule 80B complaint. On May 11, 1981, the Superior Court issued a protective order which provided: "Unless the Oakland Planning Board

responds to the remand to it by the Oakland Board of Appeals within fifteen (15) days, plaintiff may move this Court to show cause why the permits applied for should not be granted forthwith."

At its May 19, 1981, meeting, the Planning Board, without discussion adopted prepared findings of fact. Complaining, *inter alia,* that such findings were violative of due process rights, Mutton Hill filed a timely appeal to the Oakland Board of Appeals which was denied on July 2, 1981.

On July 24, 1981, Mutton Hill filed another Rule 80B complaint, objecting to *ex parte* meetings held between members of the Planning Board and opponents to Mutton Hill's application and asking the court to reverse the Boards' decisions and order issuance of the subdivision approval permits.[1]

At hearing in the Superior Court, when questioned about the alleged improprieties that occurred in the preparation of the findings, counsel for the town readily conceded that between May 11 and 19, members of the Planning Board invited opponents of Mutton Hill's proposal to assist in the preparation of findings of facts necessary to support the denial of Mutton Hill's application. No representative of Mutton Hill was given notice of, or attended these meetings.

The court found the Board's action violated Mutton Hill's due process rights. Because of "the unique circumstances of this case," where it was apparent "the findings of the Planning Board were irreversibly tainted by this procedural impropriety," the court expressed grave doubts that Mutton Hill could ever get "a fair, impartial, and expeditious hearing and decision from the Planning Board." By judgment entered December 30, 1982, the court reversed the decisions of the Board of Appeals and the Planning Board, directing the Planning Board to issue its order approving Mutton Hill's proposed subdivision.

---

1. With this complaint Mutton Hill filed a motion to consolidate this case with its previous action. Although no action was taken on the motion to consolidate, the parties have apparently acquiesced to the actions bearing the same docket number and being treated as one action.

## II.

The appellants first contend the Superior Court erred in deciding Mutton Hill's procedural due process rights were violated when members of the Planning Board prepared the findings of fact in concert with opponents of Mutton Hill's application. The appellants argue that because the April 30, 1980 decision to deny Mutton Hill's application was made at an open meeting of the Planning Board, the opponents' participation in the May 1981 factfinding sessions was of no consequence. We disagree.

■ In general, the Superior Court on review determines only whether factual findings prepared by an administrative board are appropriately supported by evidence and the law is correctly applied. *Thornton v. Lothridge,* 447 A.2d 473, 475 (Me.1982); *Lippoth v. Zoning Board of Appeals, City of South Portland,* 311 A.2d 552, 557 (Me.1973). When a Planning Board denies approval, as in this case, the reviewing court determines whether the negative decision is supported by substantial evidence on the record as a whole. *Bruk v. Town of Georgetown,* 436 A.2d 894, 898 (Me.1981). In *Frank v. Assessors of Skowhegan,* 329 A.2d 167 (Me.1974), however, we cited several instances in which a decision of an administrative agency, although supported by substantial evidence on the record to which the law has been correctly applied, is not final. Among these, we included agency action "taken without according procedural and substantive due process." *Id.* at 170.

■ It is essential to a party's right to procedural due process that he be given notice of and an opportunity to be heard at proceedings in which his property rights are at stake. *Peaslee v. Pedco, Inc.,* 388 A.2d 103, 106 (Me.1978), *appeal after remand,* 414 A.2d 1206 (Me.1980). Without notice to Mutton Hill, or a right for it to be heard, to invite admittedly biased opponents of the application to participate in the factfinding compilation is to determine conclusively, by an *ex parte* proceeding, Mutton Hill's property rights in violation of this constitutional guarantee. *Bennett v. Davis,* 90 Me. 102, 104–05, 37 A. 864 (1897). It cannot be determined from the record of the Planning Board if new evidence was taken at those meetings or if the opponents unduly influenced members of the Board in making findings of fact unfavorable to the applicant's proposal. For this reason, the Superior Court properly vacated the Board's order.

## III.

The appellants further contend the Superior Court lacked authority to order approval of Mutton Hill's application, and argue the court was empowered only to remand the matter to the Board for a new hearing on the proposal. Although we vacate the judgment of the Superior Court, we reject this contention.

■ While it is true that a remand order to the agency is the usual remedy chosen by the Superior Court when errors are found in administrative decisionmaking, M.R. Civ.P. 80B(c) explicitly gives the court authority to "affirm, reverse, or modify the decision under review or ... remand the case to the governmental agency for further proceedings."

The Superior Court justice explained his reasons for deciding not to remand the matter to the Board:

> While good faith of administrative boards will be presumed, the history of this case gives the court concern as to whether [Mutton Hill] could get a fair, impartial, and expeditious hearing and decision from the Planning Board.... There is no assurance that [Mutton Hill], if [it] went to the expense of another hearing, would not face yet another mountain of procedural roadblocks and improprieties not of [its] own doing, but beyond [its] own control, which could forever delay [its] effort to get a final determination, at some level, regarding [its] subdivision application.... The Boards have exhausted their opportunities to

render a fair, impartial and expeditious decision.

This Court has previously recognized the right of the Superior Court to order an administrative board to approve a submitted proposal or issue a requested permit. *See Cope v. Inhabitants of Brunswick,* 464 A.2d 223 (Me.1983) (Superior Court to direct issuance of building permit where zoning restrictions found unconstitutional); *V.S.H. Realty, Inc. v. Gendron,* 338 A.2d 143 (Me. 1975) (Superior Court ordered permit issued where City Council's denial of application found arbitrary and capricious).

As we stated in the criminal context in *Green v. State,* 247 A.2d 117, 121 (Me.1968):

> Due process, undefined in either constitution, does not restrict the State to any particular mode of procedure. It protects against the exercise of arbitrary governmental power and guarantees equal and impartial dispensation of law according to the settled course of judicial proceedings or in accordance with fundamental principles of distributive justice.

In *Danforth v. State Department of Health and Welfare,* 303 A.2d 794, 799 (Me.1973), we pointed out:

> It is patent that need for a particular safeguard is not to be determined by the label affixed to the action in question. We said in *Harrington v. Harrington,* Me., 269 A.2d 310 (1970), that the application of constitutional rights (in that case the guarantee of equal protection) is not based upon a distinction between civil and criminal cases. The civil-criminal distinction is also relatively unimportant in determining what are the demands of due process in any given action.

We deem the Superior Court's decision not to remand to have been a reasonable means of according Mutton Hill its due process rights. The unique circumstances of this case, however, lead to the result that there is no valid determination whether Mutton Hill's subdivision proposal complies with local ordinances and state law. We therefore remand the matter to the Superior Court for a nondeferential review of the record created before the Planning Board to determine that fact. If the court finds the Mutton Hill proposal demonstrates *prima facie* compliance with local ordinances and state law, the court shall enter its order remanding the matter to the Planning Board for issuance of an order granting approval of the proposal. If the court finds conversely, it shall enter its order affirming the decision of the Board of Appeals.

The entry is:

Judgment vacated.

Remanded to Superior Court for further proceedings consistent with the opinion herein.

All concurring.