Roger PELKEY

v.

CITY OF PRESQUE ISLE.

Supreme Judicial Court of Maine.

Argued May 31, 1990.
Decided July 3, 1990.

owners in determining mortgage payment assistance has a rational basis and does not deny equal protection).

Eugene J. McLaughlin (orally), Freme & Freme, Caribou, for plaintiff.

Richard C. Engels (orally), Stevens, Engels, Bishop & Sprague, Presque Isle, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

GLASSMAN, Justice.

The plaintiff, Roger Pelkey, appeals from the judgment entered in the Superior Court (Aroostook County, *Pierson, J.*) on his three-count complaint arising from the denial by the Presque Isle Zoning Board of Appeals (Board) of his application for a special exception to allow the construction of additional apartments in a former warehouse owned by Pelkey. We vacate the judgment as to count one and affirm the judgment as to the remaining two counts.

The record discloses the following: Pelkey owned a former packing shed and warehouse on Allen Street in Presque Isle in a zoning district designated as an "urban residence—2" zone (URZ–2). In January 1986, Pelkey applied to the Board for a special exception to construct two additional apartments in the building. After several hearings, on March 11, 1986 the five-member Board voted unanimously to deny Pelkey's application as an "unreasonable use." The Board made no written findings of fact as the bases for its decision.

Pelkey filed a three-count complaint in the Superior Court. In count one, Pelkey sought review of the Board's decision by the Superior Court pursuant to M.R.Civ.P. 80B. Count two alleged violation of Maine's "Freedom of Access" Act, 1 M.R.S.A. §§ 401–410 (1989 & Supp.1989), and count three alleged violation by the Board of Pelkey's right to due process. For all three counts Pelkey alleged that the Board gave no reasons for the denial of his application and that the Board held a "de facto executive session" after the close of the regular March 11, 1986 meeting and discussed his application without notice to the public or to Pelkey. Pursuant to Rule 80B(d) Pelkey filed a motion requesting a trial of the facts. The court granted Pelkey's motion but limited the trial "to facts occurring subsequent to the official (Public) meeting of March 11, 1986." After a hearing, the court resolved the alleged clandestine meeting issue in the City's favor but held that on the record before it, it could not adequately review the Board's decision to deny Pelkey's application. *See* 1 M.R.S.A. § 407(1) (1989);[1] *see also* Ch. I, Sec. IV(A)(2) of Presque Isle Zoning Regulations.[2] The court, therefore, remanded

---

**1.** 1 M.R.S.A. § 407(1) provides, in pertinent part:

Every agency shall make a written record of every decision involving the conditional approval or denial of an application, license, certificate or any other type of permit. The agency shall set forth in the record the reason or reasons for its decision and make finding of the fact, in writing, sufficient to appraise the applicant and any interested member of the public of the basis for the decision.

**2.** Chapter I, Section IV(A)(2) of the Presque Isle Zoning Regulations provides, in pertinent part:

All decisions [of the Board of Appeals] shall be by a majority vote of those present and voting, and shall be in writing setting forth in detail the reasons for denial.

the matter to the Board for the issuance of findings of fact and conclusions based on those findings.

In response to the court's order, and without a further hearing or notice to Pelkey, the Board issued its unanimous findings and conclusions. By this time, the composition of the Board had changed: only two of the members present at the hearings held on Pelkey's application remained Board members with the other three having been replaced. Prior to his Board membership, one of the signatories to the written findings and conclusions was a vocal opponent to Pelkey's application during the hearings that culminated in the Board's original denial of that application on March 11, 1986.

Pelkey filed an objection to the findings of the Board and requested that they be stricken from the record on the ground that the failure of the Board to notify him of the Board meeting held to discuss findings and the Board's changed composition and bias of one of its new members rendered the findings invalid and thus violated his right to due process. Without a further hearing the court denied count one of Pelkey's complaint. The court subsequently granted the City's motion for a summary judgment as to counts two and three of Pelkey's complaint, and Pelkey appeals.

I

■ Pelkey first argues that the Superior Court erred by denying his Rule 80B appeal as set forth in count one of his complaint. He argues that the court in reaching its decision relied upon findings of fact fatally tainted by the Board's bias and disregard for procedural due process. We agree.

In the first instance, we find no merit in the City's argument that because the court did not specifically address Pelkey's claimed improprieties to the findings and conclusions of the Board that he is barred from raising these issues before this court. We assume the trial court considered all factual issues necessarily involved in its decision, and we are not foreclosed from a review of the trial court's proceedings. *See Auto Sales & Finance Co. v. Seavey,*

401 A.2d 648, 649 (Me.1979); *Blue Rock Industries v. Raymond International, Inc.,* 325 A.2d 66, 73 (Me.1974).

The Zoning Board of Appeals, in common with other administrative boards, "acts in a quasi-judicial capacity if it affects an interest which is constitutionally protected." *Carlson v. Oliver,* 372 A.2d 226, 229 (Me. 1977). Board decisions affecting property interests are entitled to procedural due process protection. Such decisions satisfy procedural due process when the applicant is "given notice of and an opportunity to be heard at proceedings in which his property rights are at stake." *Mutton Hill Estates, Inc. v. Town of Oakland,* 468 A.2d 989, 992 (Me.1983). Procedural due process also assumes that Board findings will be made only by those members who have heard the evidence and assessed the credibility of the various witnesses. *Id.* The United States Supreme Court when describing administrative proceedings observed that

> the weight ascribed by the law to the findings—their conclusiveness when made within the sphere of the authority conferred—rests upon the assumption that the officer who makes the findings has addressed himself to the evidence and upon that evidence has conscientiously reached the conclusions which he deems it to justify. That duty cannot be performed by one who has not considered evidence or argument. It is not an impersonal obligation. It is a duty akin to that of a judge. The one who decides must hear.

*Morgan v. United States,* 298 U.S. 468, 481, 56 S.Ct. 906, 911, 80 L.Ed. 1288 (1936). In the instant case, only two members of the March 11, 1986 Board remained to formulate the findings and conclusions mandated by the Superior Court. The record further discloses that prior to his appointment on the present Board, one of the three new members had been a vocal opponent to Pelkey's application at the time of the public hearings. On these facts, it cannot be said that the Board's findings of fact and conclusions conformed to the minimum requirements of due process. Accordingly, we hold that Pelkey is entitled to a hearing *de novo* on his application before only those Board members who, as then

members of the public, did not oppose or support his application at the previous hearings.

## II

Pelkey also contends the Superior Court erred in granting the City's motion for a summary judgment as to counts two and three of his complaint. These counts, alleging violations of the Freedom of Access Act and due process rights, are based on Pelkey's allegation concerning an executive Board session following the March 11, 1986 meeting.

Summary judgment was intended to permit the prompt disposition of cases in which the dispute is solely dependent on the resolution of an issue of law. *Tisei v. Town of Ogunquit*, 491 A.2d 564, 568 (Me. 1985). *See* 2 Field, McKusick & Wroth, *Maine Civil Practice* § 56.1 (2d ed. 1970). We review the record to determine if material issues of fact remain. In the instant case, the specific issue of the alleged executive session was fully aired before the Superior Court in a trial of the facts held pursuant to M.R.Civ.P. 80B(d). The court resolved this factual issue in favor of the City and we find no clear error in this determination. After the denial of his Rule 80B appeal, Pelkey did not seek to augment the record, nor did he submit affidavits raising any additional issues of material fact in his objection to the City's motion for a summary judgment. Since these remaining counts were based on a claim the court had previously determined in favor of the City, the court did not err by granting the City's motion for a summary judgment.

The entry is:

Judgment as to Counts II and III affirmed. Judgment as to Count I vacated. Remanded to the Superior Court to enter its order to remand to the Presque Isle Zoning Board of Appeals for a hearing *de novo* on the application of Roger Pelkey for a special exception.

All concurring.