## PHILRIC ASSOCIATES

### v.

## CITY OF SOUTH PORTLAND.

Supreme Judicial Court of Maine.

Argued March 19, 1991.
Decided Aug. 16, 1991.

John E. Geary (orally), Richard A. Davis, Portland, for Philric Associates.

Christopher C. Taintor (orally), Norman, Hanson & Detroy, Portland, for City of South Portland.

Before McKUSICK, C.J., and ROBERTS, WATHEN, CLIFFORD, COLLINS and BRODY *, JJ.

ROBERTS, Justice.

Philric Associates appeals from the dismissal without prejudice by the Superior Court (Cumberland County, *Perkins, J.*) of its complaint against defendant City of South Portland alleging a denial of due process in the review of its subdivision application. We find no due process violation and no decision of the City Planning Board that is ripe for review. Accordingly, we affirm.

Philric filed an application for a three lot subdivision called Lowell Heights with the board's planning staff in November, 1987. In December, the staff sent Philric a notice that the application was complete. The

---

* Brody J. sat at oral argument and participated in the initial conference but resigned before this opinion was adopted.

application was circulated to various city departments for comment. In May, 1988, the board attempted to hear the application but tabled it because of five serious deficiencies in the data required by the subdivision ordinance. A year of sporadic effort by Philric to meet planning staff concerns followed. In May, 1989, the staff sent Philric a letter noting that its application was incomplete and detailing twenty six items still required before review, with instructions on how to provide each one. Most of these items had been requested from Philric before and many were formalities needed to complete the application and subdivision plan. In June, 1989 Philric filed a complaint pursuant to M.R.Civ.P. 80B alleging that the actions of the board and the planning staff denied it a fair hearing. The Superior Court, holding that there was no evidence of a due process violation and no final board action to appeal, dismissed without prejudice. Philric then filed this appeal.

Philric contends that the City's treatment of its subdivision application presents concerns similar to those that we addressed in *Mutton Hill Estates, Inc. v. Town of Oakland*, 468 A.2d 989 (Me.1983). We disagree. In *Mutton Hill* a planning board held meetings with an applicant's opponents from which the applicant was excluded to prepare a denial of the application. We noted that a remand to the board was the usual remedy. Nevertheless, we found the denial of due process and danger of further prejudice so great in that case that we remanded the application only to the Superior Court, and allowed a nondeferential review for compliance with local ordinances and state law. *Mutton Hill, supra,* 468 A.2d at 993.

The record presented by Philric is far from that in *Mutton Hill*. There is no evidence here of *ex parte* contacts or other improper conduct by the board or planning staff. There was nothing wrong *per se* with the staff's finding on further review that the application was incomplete and Philric has demonstrated no substantial prejudice from the delay. Indeed, much of the delay was occasioned by Philric's own

tardiness in responding to repeated notices of deficiencies and in prosecuting its application. Further, there is no evidence that Philric will be denied a board hearing when it provides the full submittal that local ordinances and state law require.

Philric's appeal to the Superior Court, taken before the board had an opportunity to render a final ruling on the application, was premature. Philric has not established that any harm will result from allowing the board to complete its review in due course. *State v. Maine State Employees Ass'n,* 482 A.2d 461, 464 (Me.1984).

The entry is:

Judgment affirmed.

All concurring.