STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-04-001

ELMBER L.J. DION,
SHIRLEY I. DION,
JOHN SANIDAS and
CAROL SANIDAS,

Plaintiffs

v.

ORDER

TOWN OF KITTERY and
THE TOWN OF KITTERY PORT AUTHORITY,

Defendants

DONALD L. GARBRECHT
LAW LIBRARY

AUG 10 2004

Before this court is Plaintiffs, Elmer L. J. and Shirley I. Dion's ("Dion") Rule 80B appeal from Defendant, Kittery Port Authority's ("KPA") decision denying their waiver application to install a non-commercial pier, ramp, and float system.

## FACTS

Plaintiff Dion owns[1] property located at 20 Old Ferry Lane in Kittery, Maine (the "property"). The property is located in a cove near the tip of a peninsula, and fronts the Piscataqua River. Plaintiff Dion's property is located primarily in a residential area, but it is also adjacent to a marina that he formerly owned and operated.

In August 2002, Plaintiff Dion applied to Defendant KPA, for a permit to construct a 6' x 180' pier with an accompanying 3' x 40' ramp, as well as a 10' x 40' float. Subsequently, this application was amended to change the dimensions of the ramp to 4'

---

[1] Counsel advise that the Dions have now sold the "property" to the Sanidas, who are also parties to this case. During the local administrative hearings, the Dions were the parties of record.

x 60′, and the float to 10′ x 30′. On December 5, 2002, Defendant KPA denied Plaintiff Dion's request. Thereafter, Plaintiff Dion sought reconsideration of his proposed pier. The vote on reconsideration, however, did not gain two-thirds support from the members of Defendant KPA, so the original denial remained in effect.

On September 18, 2003, Plaintiff Dion submitted a modified plan to Defendant KPA. This plan requested approval of a pile-supported pier 6′ x 168′ in dimension, along with a 3′ x 45′ ramp, and a 10′ x 30′ float (the "Pier"). The application packet contained photographs, a schematic, a final plan depicting the current location of the moorings, plans depicting an elevation and section of the Pier, and copies of permits and approvals received from various state and federal agencies. In addition, as part of the application, Plaintiff Dion sought a waiver of the length limitations placed upon piers, ramps and floats, pursuant to Defendant KPA's Rules and Regulations.

On October 2, 2003, Defendant KPA reviewed Plaintiff Dion's application, and voted seven to zero to schedule a public hearing on the merits of the application. Following this, a public hearing was held on November 6, 2003, and continued until December 4, 2003. Defendant KPA's chairman, without explanation, recused himself from these two proceedings and an acting chairperson was designated.

After Plaintiff Dion presented evidence and Defendant KPA deliberated, a motion to deny, as well as a motion to approve the waiver application resulted in a three to three tie vote. Accordingly, the motion to approve the waiver application failed. Plaintiff Dion then appealed to the York County Superior Court.

## DISCUSSION

Plaintiff Dion makes two arguments in support of his claim that he was not afforded due process during the proceedings before the KPA. First, Plaintiff Dion

2

alleges that he was denied a fair and impartial hearing because of the Chairman's participation in the proceedings.

"[A]n applicant before an administrative board is entitled under the due process clause of the United States and Maine constitutions to a fair and unbiased hearing." Gorham v. Town of Cape Elizabeth, 625 A.2d 898, 902 (Me. 1993) (citing Mutton Hill Estates, Inc. v. Town of Oakland, 468 A.2d 989 (Me. 1983).) In *Mutton Hill Estates,* "the board had invited admittedly biased opponents of the subdivision to participate in an *ex parte* session when the board made its findings of fact to support a denial of the application." Gorham, 625 A.2d at 902 (citing Mutton Hill Estates, 468 A.2d at 992.)

In this case, the Chairman presided over the first meeting to determine whether a public hearing should be scheduled regarding the merits of Plaintiff Dion's application. During that hearing, the Chairman made several negative comments regarding Plaintiff Dion's application. (See R. at 78-90.) Later, at the November 6, 2003 proceeding, without indicating why, the Chairman recused himself. (R. at 182.) Despite this, the Chairman provided testimony in opposition to Plaintiff Dion's Pier proposal. (See R. at 116, 127, 132-33, and 182-193.) Moreover, during the December 6, 2003 hearing of Defendant KPA, the Chairman, without indicating whether he was acting in his official capacity or as a member of the public, drafted and presented a memo to the members of Defendant KPA. This memo identified certain issues that Defendant KPA should consider while deliberating, and ultimately was adopted in part by Defendant KPA. (R. at 530.)

Consequently, this court finds and concludes that the nature and extent of the Chairman's participation in the proceedings impermissibly tainted the outcome and resulted in a violation of Plaintiff Dion's due process rights. See Mutton Hill Estates, Inc., 468 A.2d at 993 (holding that due process "protects against the exercise of arbitrary

3

governmental power and guarantees equal and impartial dispensation of law according to the settled course of judicial proceedings or in accordance with the fundamental principles of distributive justice.") (citation omitted).

Second, Plaintiff Dion contends that his due process rights were also violated because Defendant KPA failed to ensure that only the members who had attended all of the public hearings ultimately voted on his application.

The Law Court has held that "[p]rocedural due process also assumes that Board findings will be made only by those members who have heard the evidence and assessed the credibility of the various witnesses." Pelkey v. City of Presque Isle, 577 A.2d 341, 343 (Me. 1990) ("That duty cannot be performed by one who has not considered evidence or argument. It is not an impersonal obligation. It is a duty akin to that of a judge. The one who decides must hear.") (citations omitted).

Here, two members of Defendant KPA, who voted on Plaintiff Dion's application, were not present during critical presentations of evidence. Specifically, one did not attend the November 6, 2003 public hearing on the application, and the other attended only the last 45 minutes of the two-hour public hearing. (R. at 179, 188.) At the December 4, 2003 meeting, however, both voted to deny Plaintiff Dion's application. (R. at 196.) Although both reviewed the minutes of the meeting, this court finds and concludes that their failure to attend significant segments of the public hearing during which conflicting testimony was presented and the assessment of the credibility of witnesses of critical importance constitutes a denial of due process. See Minot School Committee v. Minot Educ. Ass'n, 1998 ME 211, ¶ 8, 717 A.2d 372, 375 ("We defer to the Board's opportunity to assess witness credibility.") (citations omitted).

Therefore, based on these determinations, this court finds that it is unnecessary to address Plaintiff Dion's remaining arguments.

WHEREFORE, this court **GRANTS** Plaintiff Dion's appeal, pursuant to M.R. Civ. P. 80B, and **REMANDS** this case to Defendant KPA to provide Plaintiff Dion with a new hearing consistent with this order.[2]

Dated: July _12_, 2004

G. Arthur Brennan
Justice, Superior Court

PLAINTIFFS:
Gregory Cunningham, Esq.
BERNSTEIN SHUR SAWYER AND NELSON
PO Box 9729
Portland Me 04104-5029

DEFENDANTS:
Duncan McEachern, Esq.
MCEACHERN AND THORNHILL
PO Box  360
Kittery Me 03904

---

[2] This court notes that the Chairman may testify at the hearing, as a member of the public, but he may not be involved in the deliberations regarding Plaintiff Dion's Pier application.