STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: AP05-66

MARIA BERG

Plaintiff

**ORDER ON PLAINTIFF'S
RULE 80C APPEAL**

v.

STATE OF MAINE DEPARTMENT OF
HEALTH & HUMAN SERVICES

Defendant

DONALD L. GARBRECHT
LAW LIBRARY

JAN 1 9 2007

This case comes before the Court on Plaintiff Maria Berg's appeal of

governmental action pursuant to M.R. Civ. P. 80C.

## BACKGROUND

Plaintiff, Maria Berg ("Ms. Berg"), receives assistance from the State,

including a monthly allotment of food stamps. Defendant, the State of Maine

Department of Heath and Human Services ("DHHS"), manages her case. In July

2004, as required, Ms. Berg reported changes in her rent and also verified her

sources of income, including SSI, SSDI, and child support payments. Later, Ms.

Berg notified her caseworker, Rita Woodman, that there was an error, as she

noticed that the paperwork listed both her new and old rent amounts. Ms.

Woodman informed Ms. Berg that DHHS would correct the error.

In October 2004, Ms. Berg contacted DHHS again to report that she was no

longer receiving child support, as her child's father lost his job. DHHS adjusted

Ms. Berg's income level in November 2004 to reflect this, and she then received

additional food stamp benefits. Ms. Berg did not receive child support again

1

until late November or early December 2004. Finally, in January 2005, Ms. Berg reviewed and amended her benefit form, as was the usual procedure. At that time, she noticed that her rent amount had never been adjusted, and that it reflected a monthly rent of $1350 instead of $700. She again notified DHHS of the mistake. On January 16, 2005, DHHS notified Ms. Berg that her food stamp benefits would be reduced as of February 1, 2005. After speaking with her new caseworker, Christine Garbin, Ms. Berg requested a hearing to contest the reduction in benefits.

DHHS held a hearing on February 28, 2005, before Hearing Officer Heidi Johnson. The parties agreed that the error was the fault of DHHS and not Ms. Berg, and that she had properly notified them of the rent change. Yet, the agency determined that her food stamp allotment should be decreased so that the benefit level would be based on the correct amount of her living expenses. Ms. Berg did not appeal that decision.

Her case was then submitted to an overpayment specialist to determine the amount of the error. On March 30, 2005, DHHS wrote to Ms. Berg to inform her that the overpayments totaled $336 and that $33 per month would be deducted from her food stamp benefits to reimburse DHHS. Ms. Berg contends that she did not receive this notice; she did not become aware of it until she was grocery shopping on May 14, 2005 and noticed that her available amount was less than she thought it would be. Upon speaking with Ms. Garbin again, Ms. Berg learned about the withholding of $33 per month. She requested that the $33 be refunded to her account until a hearing could be held.

A second hearing regarding the overpayment was held on June 13, 2005 with Hearing Officer Tamara Longanecker, at which Ms. Berg argued that DHHS

2

incorrectly determined her repayment amount. Specifically, she claimed that DHHS did not consider the lapse in child support in October and November 2004. DHHS had estimated that Ms. Berg received $88 per week in child support; this calculation resulted from averaging the total support received over the entire payment period, although Ms. Berg did not receive a consistent monthly amount. The agency issued a final decision on August 11, 2005, in which it found that DHHS correctly calculated the overpayment for food stamps. Ms. Berg then filed this 80C appeal[1], renewing her miscalculation argument.

## DISCUSSION

### 1. Standard of Review

When reviewing final agency action pursuant to M.R. Civ. P. 80C, this Court's options include affirming the decision or remanding it for further proceedings if necessary. 5 M.R.S. § 11007(4)(A)-(B) (2005). Additionally, the Court may reverse a decision if it was:

1) In violation of constitutional or statutory provisions;
2) In excess of the statutory authority of the agency;
3) Made upon unlawful procedure;
4) Affected by bias or error of law;
5) Unsupported by substantial evidence on the whole record; or
6) Arbitrary or capricious or characterized by abuse of discretion.

*Id.* § 11007(4)(C).

This Court reviews "the factual findings of an agency only for clear error." *Street v. Bd. of Licensing of Auctioneers*, 2006 ME 6, ¶8, 889 A.2d 319, 322 (citations omitted). Traditionally, the Court "defer[s] to an agency in those areas within its expertise unless a statute or regulation compels a contrary result." *Schwartz v.*

---

[1] Ms. Berg filed this complaint pro se on September 8, 2005, but did not properly serve the Attorney General's office. The AG's office later learned of the appeal after a telephone call from Ms. Berg and does not contest her right of appeal despite the service defect.

*Unempl. Ins. Commn.*, 2006 ME 41, ¶9, 895 A.2d 965, __ (citations omitted). The appellant bears the burden of proof; the Court will uphold the decision of the agency if a review of the record demonstrates that "the agency could have fairly and reasonably found the facts as it did." *Seider v. Bd. of Examiners of Psychologists*, 2000 ME 206, ¶9, 762 A.2d 551, 555. But, this Court may remand a case where "errors are found in administrative decision-making." *Mutton Hill Estates, Inc. v. Town of Oakland*, 468 A.2d 989, 992 (Me. 1983).

    2.    Did DHHS Err in Its Income and Overpayment Calculations?

DHHS is governed by its own administrative rules. The DHHS Food Stamp and TANF Program Overpayment Procedures Guide sets forth procedures for handling agency errors. According to DHHS, a claim for overpayment would be submitted in this situation regardless of whether the error resulted from fraud or from a simple mistake on the part of the client or the agency.[2] The parties do not dispute that any overpayment in Ms. Berg's case resulted from an error on the part of DHHS.

Nevertheless, the error resulted in food stamp payments to which Ms. Berg was not entitled. Ms. Berg initially agreed that there had been an overpayment; she later argued that the income level DHHS used to calculate the overpayment was inaccurate. An examination of the payment records, however, reveals that DHHS did consider the temporary lapse in child support and provided additional benefits during that time (October and November 2004). DHHS explains that it later used a constant monthly amount of child support to calculate the overpayment due to an irregular payment history, and that the amount was merely an average. It further explained that the use of that figure

---

[2] Food Stamp Manual, FS-777-3, p. 1.

4

did not result in an actual inflation of Ms. Berg's income for purposes of calculating food stamp benefits. This figure was simply used to determine the overpayment amount; indeed, the Hearing Officer noted that because the figure was an average, there were several months in which Ms. Berg actually received more than $88 in child support, and some months in which she received less. At the hearing, the DHHS representative noted that using an exact monthly calculation would actually increase the overpayment amount.

Regardless of specific monthly totals, the amount over the total period appears to have been calculated correctly. As this Court's review of agency decisions is deferential, it cannot be said that DHHS committed clear error when calculating the amount of Ms. Berg's overpayment.

The entry is:

Plaintiff's 80C appeal is DENIED.

DATE: _December, 2006_

Roland A. Cole
Justice, Superior Court

5

ʃox 287
ne 04112-0287

SALLY DEMARTINI AAG
6 STATE HOUSE STATION
AUGUSTA ME 04333



MARIA BERG
3 PERIMETER AVENUE
STANDISH ME 04084