STATE OF MAINE                              SUPERIOR COURT
                                            CIVIL ACTION
YORK, ss.                                   DOCKET NO. AP-06-08


LORETTA WEIGEL,

                Plaintiff


        v.                      ORDER
                                            DONALD L. GARBRECHT
                                            LAW LIBRARY
TOWN OF WELLS,
                                            SEP 0 7 2007
                Defendant


This matter comes before the Court on Loretta Weigel's 80B appeal of administrative action taken by the Town of Wells. Following hearing, the appeal is Denied.

## BACKGROUND

Plaintiff Loretta Weigel ("Weigel") operates a real estate brokerage business at 664 Post Road in the Town of Wells ("the Town"), a municipality in York County. She and her husband have operated their business since approximately 1986, prior to the Town's current site plan review requirements. Weigel rented her property to Jodie Foster ("Foster") in 1998 so that Foster could operate her business, The Comfort Zone. Foster obtained site plan approval for her business, but her venture failed shortly after that, and Weigel resumed her real estate business. In 2002, Weigel and her husband eliminated the property's landscaped buffers, paved those areas, and added a sidewalk fronting on Route 1 and four parking spaces next to a right of way called Hobson's Lane. Two years later, the Town's Code Enforcement Officer ("CEO") informed Weigel that these changes violated the site plan. Receiving no response, in September 2004, the

CEO issued a citation to Weigel for failure to comply with Foster's 1998 site plan by altering her property in violation of the Wells Land Use Ordinance.

Weigel applied to the Town's Zoning Board of Appeals ("ZBA") in October 2004 to amend the site plan. She submitted an appeal petition but wrote that she was not requesting a variance or an appeal; consequently, no hearing was scheduled. In November 2004, the Town Planner informed Weigel that her application was incomplete, but she submitted nothing further. The CEO instituted an enforcement action against Weigel per M.R. Civ. P. 80K in March 2005. While defending that action in April, Weigel's counsel contacted the ZBA to have a hearing scheduled, but the ZBA again did not schedule a hearing. The CEO then sought to add new violations to its 80K complaint. Subsequently, the parties agreed to stay the enforcement action and the CEO issued Weigel a second notice of violation for expanding her land area without site plan approval, failing to use landscaped buffers to separate the additional parking from the right of way, and changing the premises without a permit. The second citation did not address the Foster site plan issue. Weigel properly appealed this citation to the ZBA. On January 24, 2006, the ZBA denied her appeal, affirming the second violation by a vote of four to one after a hearing earlier that month.

Weigel then filed the instant Rule 80B appeal with this Court, contending that the Court should overturn the first violation because it applied to Weigel's tenant's site plan, not to her use. She also asks this Court to vacate the ZBA's decision on the second violation. The Town contends that the ZBA properly upheld the CEO's citations of Weigel.

2

## DISCUSSION

1. <u>Standard of Review</u>.

The party appealing a board's decision bears the burden of persuasion. *Twigg v. Town of Kennebunk*, 662 A.2d 914, 916 (Me. 1996). Review of board findings is "for an abuse of discretion, error of law, or findings unsupported by substantial evidence in the record." *O'Toole v. City of Portland*, 2004 ME 130, ¶ 8, 865 A.2d 555, 558. This Court is "limited to determining whether the record contains evidence to justify the Board's determination." *Lewis v. Maine Coast Artists*, 2001 ME 75, ¶ 14, 770 A.2d 644, 650. A municipal board's interpretation of a zoning ordinance, however, is a legal question entitled to de novo review. *Lewis v. Town of Rockport*, 2005 ME 44, ¶ 11, 870 A.2d 107, 110.

2. <u>Does This Court Have Jurisdiction to Evaluate the First Citation?</u>

A threshold issue for this Court is whether it may consider Weigel's argument about the Foster site plan absent a ZBA decision. M.R. Civ. P. 80B(a) provides for review by this Court of a local board's action or "failure to act." This Court does not act as a fact finder and "may not substitute its judgment for that of the municipal administrative agency." *V.S.H. Realty, Inc. v. Gendron*, 338 A.2d 143, 145 (Me. 1975). "Meaningful judicial review of an agency decision is not possible without findings of fact sufficient to apprise the court of the decision's basis." *Chapel Road Associates, LLC v. Town of Wells*, 2001 ME 78, ¶ 10, 787 A.2d 137, 140.

Here, the Board did not act on Weigel's petition after she received the first citation because she stated on that application that she was not appealing or requesting a variance. Instead, she sought amendment of the site plan. The record reveals that after filing the petition, she spoke with Town officials to express her view that Foster's site plan did not apply to her, although that issue was never resolved. Given this, it

3

cannot be said that the ZBA failed to act on her petition, which was not technically an administrative appeal. Because Weigel never properly appealed the citation, there are no findings of fact for this Court to review, and the local board never rendered a decision. Issues raised in the first citation, therefore, are not reviewable by this Court.

### 3. Did the ZBA Properly Uphold the Second Citation?

The ZBA upheld the CEO's second citation in this case on all three of the listed grounds. This Court will assess each ground in turn. First, the ZBA upheld the CEO's finding that the sidewalk and sideline paving violated § 145-70(C) of the Town of Wells Code, which states that site plan approval is needed for expansion of floor or land area as part of an existing use. Operating a business is a permitted use under Code § 145-26(C)(5). Under § 154-70, all permitted uses are subject to site plan approval. In its findings, the ZBA stated that expanding the permitted use (the business) by adding extra parking to facilitate that use brought Weigel's activities within the definition of expansion of an existing use as it is described in the Code. Weigel argues that because sidewalks and parking spaces are not in the list of permitted uses in § 145-26, and the ZBA found that parking was an accessory use to her permitted business use, she was not required to obtain site plan approval prior to making changes.[1] At issue here is whether Weigel's paving constituted expansion of the land area of her existing use. As this Court's review of the ZBA's findings in this regard is deferential, it was not an abuse of the ZBA's discretion to conclude that paving the area to add more parking constituted an expansion of Weigel's existing business use. Its findings affirming this violation are upheld.

---

[1] Weigel also argues that her use is grandfathered because her business began before the site plan requirement went into effect. It is accurate that her original use was grandfathered, but changes to that use are not grandfathered and are subject to site plan approval.

Second, the ZBA affirmed the CEO's finding that Weigel violated § 145-38 of the Code, which requires a landscaped buffer between residential and nonresidential uses. The issue pertaining to this violation is one of statutory construction, which this Court reviews de novo. The language of this section specifically states that business parking areas are to be "visually screened from adjacent residential lots" and goes on to describe height and width requirements for the shrubbery. The ZBA determined that eliminating the landscaping to pave the area violated this provision. Weigel argues that the ZBA read the landscaping language out of context, and that the language is limited to situations in which nonresidential areas abut lots in residential areas. This provision states that "setback areas along lot lines other than those along street rights-of-way on lots in nonresidential districts which abut a residential district shall be landscaped." § 145-38. The Code, however, also explicitly provides in the same paragraph that "[e]xcept in the Beach Business District, all business or institutional parking and outdoor storage areas shall be separated from a street right-of-way by a landscaped buffer strip." Id. (emphasis added). Because this language applies to all lots that are not in the Beach Business District, and Weigel's property is not in that district, the plain language of the statute supports the ZBA's construction. Its conclusions regarding the second violation are upheld.

Lastly, the ZBA affirmed a violation of Code § 145-62(A), which states that it is illegal "to use or occupy . . . any building or premises . . . wholly or partially altered in its use until a use permit is issued by the Code Enforcement Officer." The ZBA concluded that because the parking use was an expansion, Weigel cannot use or occupy the property until the CEO issues a use permit. As with the first violation, the ordinance is clear and the issue is whether the facts of this situation fit the ordinance, which entitles the ZBA to a deferential review. Weigel contends, as she did regarding

5

the first violation, that her additional parking did not constitute an expansion of her use. Because this Court must deferentially review the ZBA's factual decisions, the violation should be affirmed, as the ZBA determined that the additional parking constituted an expansion.

## CONCLUSION

The ZBA's decision is affirmed.

Dated:        May 10, 2007

G. Arthur Brennan
Justice, Superior Court

PLAINTIFF:
DANIEL CUMMINGS ESQ
NORMAN HANSON & DETROY
PO BOX 4600
PORTLAND ME    04112-4600


DEFENDANT:
DURWARD PARKINSON ESQ
BERGEN & P ARKINSON
62 PORTLAND RD
KENNEBUNK ME    04043-6658