STATE OF MAINE                                   SUPERIOR COURT
CUMBERLAND, ss.                                  CIVIL ACTION
                                                 DOCKET NO. AP-06-65
                                                 RLC - CUM-7/6/00

THE ORNE BROTHERS, INC.,

                Plaintiff
        v.                                       ORDER ON 80B APPEAL

CITY OF PORTLAND

and

LINDA C. COHEN,

                Defendants


Before the Court is Plaintiff The Orne Brothers, Inc.'s ("Plaintiff") appeal pursuant to M.R. Civ. P. 80B of Defendant City of Portland ("City") and its Clerk Linda C. Cohen's ("Cohen") denial of an application for renewal of its food service license, non-mechanical pool table license and amusement license.

## BACKGROUND

Plaintiff owns The Ice House Tavern, located in a densely populated section of Portland. For many years, disorderly patrons of the Ice House have caused disturbances in the area surrounding that establishment. As a result, on August 21, 2006 the Portland City Council ("Council") denied Plaintiff's application for renewal of its liquor license. On appeal, however, the State Bureau of Liquor Enforcement and Licensing vacated this decision as untimely.

In her capacity as the City's License Administrator, Cohen subsequently initiated a hearing on Plaintiff's applications for a City food service license, non-mechanical pool table license and amusement devices license. Following a hearing presided over by Cohen at which Plaintiff was represented by counsel

1

and had an opportunity to present its own evidence and witnesses as well as to cross-examine adverse witnesses, the Clerk denied Plaintiff's applications. Cohen, however, conditionally stayed her decision pending a possible appeal to the City Manager as provided for by City Code ("Code") § 15-9.

After paying the required fee,[1] Plaintiff appealed the Clerk's decision to the City Manager, who designated Attorney Stephen Bither as the hearing officer for Plaintiff's appeal. Mr. Bither issued a decision on December 15, 2006 upholding the Clerk's decision. Plaintiff subsequently filed this appeal.

## STANDARD OF REVIEW

The Court reviews a local government body's decision for error of law, abuse of discretion, or findings not supported by substantial evidence in the record. *York v. Town of Ogunquit*, 2001 ME 53, ¶ 6, 769 A.2d 172, 175. Substantial evidence is evidence that is sufficient for that body to have reasonably found the facts as it did. *Ryan v. Town of Camden*, 582 A.2d 973, 975 (Me. 1990). The burden of persuasion is on the party challenging a decision to show that the evidence compels a different result. *Twigg v. Town of Kennebunk*, 662 A.2d 914, 916 (1996). A "decision is not wrong because the record is inconsistent or a different conclusion could be drawn from it." *Id.*

## DISCUSSION

### I. Clerk's Bias

A theme running throughout Plaintiff's numerous arguments on appeal is that the Clerk exhibited bias in reaching her decision. In the hopes of finding

---

[1] The Clerk's decision incorrectly required Plaintiff to pay a $100 fee prior to appeal. As acknowledged by the City, the correct fee should have been $25. Code § 15-6(b). Per the City's counsel, a request has been made for the City to deliver to Plaintiff's counsel a check for Plaintiff in the amount of the overcharge.

support for this argument, Plaintiff previously moved this court for a trial of the facts pursuant to M.R. Civ. P. 80B(d) as well as for discovery pursuant to M.R. Civ. P. 80B(j). In this Court's February 27, 2007 Order, however, Plaintiff's motion was denied as "relying on vague, unsubstantiated allegations of bias and predisposition." Based on this Order, Plaintiff can rely only on evidence appearing in the record on appeal in support of its present claims of bias.

In support of the Clerk's alleged bias, Plaintiff cites a number of procedural steps taken, including her initiation of the hearing on Plaintiff's license renewal, the relatively short notice given to Plaintiff to prepare for this hearing and communications between the Clerk and the City's Corporate Counsel, who in his official capacity presented evidence against Plaintiff at that hearing. None of this, however, is evidence of bias by the Clerk. There is no record evidence supporting the proposition that the Clerk proceeded in anything but a fair and impartial manner in conducting the hearing on Plaintiff's license renewals.

## II. Due Process Violations

Though couched in a variety of different guises, Plaintiff repeatedly argues throughout its brief that various aspects of the process by which the City denied renewal of its licenses violated its procedural due process rights. These alleged defects include providing Plaintiff with only six days notice prior to the Clerk's hearing on renewing their licenses, the Clerk's proclamation at the beginning of that hearing that no cross-examination would be allowed, and the Clerk's ex parte communications with the City's counsel during the hearing and in issuing her final decision.

3

As an initial matter, although the Clerk first stated that no direct cross-examination would be permitted, following Plaintiff's objection she allowed extensive cross-examination of witnesses. Therefore, this can provide no support for a due process violation. Further, there is absolutely no evidence that anyone other than the Clerk authored her decision. This leaves only Plaintiff's arguments regarding inadequate notice and allegedly inappropriate communication between the Clerk and the City's counsel during the hearing as supporting its due process argument.

Plaintiff provides nothing other than the following more or less apt Law Court quotation in support of its notice argument: "It is essential to a party's right to procedural due process that he be given notice of and an opportunity to be heard at proceedings in which his property rights are at stake." *Mutton Hill Estates, Inc. v. Town of Oakland,* 468 A.2d 989, 992 (Me. 1983). In that case, however, the town had invited opponents of a party who was seeking subdivision approval to meet privately with the town's planning board to draft findings of fact necessary to deny the subdivision request. *Id.* at 991. Further tainting this process, no representatives of the party proposing the subdivision were invited to attend nor even given notice of this meeting. *Id.*

The present case is readily distinguishable from *Mutton Hill Estates.* First, unlike that case, Plaintiff here was given notice prior to the hearing on its license renewal and was given a full opportunity to call witnesses, present evidence and cross-examine adverse witnesses. Further, the evidence presented at this hearing was substantively the same as evidence presented against Plaintiff at the August 21, 2006 hearing on renewal of Plaintiff's liquor license. As such, it was unnecessary to provide extensive time to Plaintiff to prepare for a hearing on

issues that it had previously addressed. Finally, the record reflects no objection raised by Plaintiff at the time regarding inadequate notice. Based on the above, the notice provided for the hearing on Plaintiff's licenses at issue in this case was not constitutionally deficient.[2]

Plaintiff's argument regarding improper communication between the Clerk and the City's counsel is also unavailing. Despite insinuations to the contrary, there is no evidence in the record that the Clerk was anything but fair and impartial in conducting the hearing on Plaintiff's license renewals and in rendering her decision. The mere fact that she consulted with counsel for the City does not demonstrate that the process received by Plaintiff was biased against it in a way that stripped it of due process rights.

## III. The Clerk's Decision

As authority for her decision denying Plaintiff renewal of its food service license, non-mechanical pool table license and amusement license, the Clerk relied on Code § 15-8, which states the following:

> (a)    *Grounds.*  In addition to any other specific provision of this Code authorizing such action, a license or permit may be denied . . . upon a determination of the existence of one (1) or more of the following grounds: . . .
> (2)    The licensed activity, or persons on the premises for the purpose of participating in the licensed activity, or persons patronizing the licensed device have caused one (1) or more breaches of the peace; or
> (3)    There is a clear danger that a breach of the peace will occur if the licensed activity is permitted; or
> (4)    The licensed activity or persons patronizing the licensed premises will substantially and adversely affect the peace and quiet

---

[2] Further, Plaintiff cited no authority for the proposition that even were this the first hearing related to the matters leading to the denial of its licenses, six days would be such inadequate notice as to violate the standards of procedural due process. As the moving party, Plaintiff has the burden of coming forward with evidence and precedent demonstrating that reversal is appropriate.

of the neighborhood, whether or not residential, or any substantial portion thereof;

Code § 15-8.

Contrary to Plaintiff's argument, it is clear that the Clerk correctly interpreted the plain language of the Code as permitting consideration of activities of patrons of The Ice House outside that establishment in denying Plaintiff's licenses. Based on the testimony of police and residents of the neighborhood surrounding The Ice House, the Clerk made the following findings regarding the behavior of those who frequent that establishment as providing support for denial of Plaintiff's licenses:

> I specifically find that patrons of The Ice House consistently engaged in one or more of the following behaviors in the vicinity of the bar: vomiting on public or private property, urinating on public or private property; loud, abusive and obscene language directed at each other and at residents and their children, that was offensive to the residents and that disturbed the peace of nearby residents throughout the day, evening and into the early hours of the morning; fighting, physically abusive behavior including jostling individuals attempting to walk by The Ice House; following individual neighborhood residents, and sexually inappropriate remarks to each other and adults.

(R. at Tab A, p. 9.) There can be little doubt that this behavior constitutes a "breach of the peace" and "substantially and adversely affect[s] the peace and quiet of the neighborhood" surrounding The Ice House. Further, although Plaintiff nominally disputes the evidence supporting the Clerk's factual findings, it provides nothing other than a blanket denial in support of this position. Such an argument falls far short of the requirement of demonstrating that the "evidence compels a different result" than that reached by the Clerk. *See Twigg*, 662 A.2d at 916.

## V. Conclusion

In addition to those addressed above, Plaintiff makes a number of additional arguments. Some merely repackage his primary arguments while others allege procedural or substantive defects purportedly warranting reversal of the Clerk's decision. None of these arguments require detailed analysis as they lack supporting authority and are without merit.

Finally, in addition to the Rule 80B appeal that is the focus on this Order, Count II of Plaintiff's complaint asserts an independent cause of action styled "Restraint of Public Official." The thrust of this claim is to ask this Court to prohibit the Clerk from participation in any future proceedings in this case. As Plaintiff has failed to meet its burden of showing that the Clerk's decision was based on an error of law, abuse of discretion, or findings not supported by substantial evidence in the record, that decision is hereby upheld. As a result, Count II of Plaintiff's complaint fails.

Therefore, the entry is:

> Plaintiff's Rule 80B appeal is DENIED. The Clerk's decision denying Plaintiff's application for renewal of its food service license, non-mechanical pool table license and amusement license is AFFIRMED. Plaintiff's independent cause of action titled "Restraint of Public Official" fails and therefore is DISMISSED.

> The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated at Portland, Maine this _6th_ day of _July_____, 2007.

_____
Robert E. Crowley
Justice, Superior Court

7

= COURTS
nd County
ox 287
1e 04112-0287

GARY WOOD ESQ
389 CONGRESS ST
PORTLAND ME 04101

= COURTS
nd County
ox 287
1e 04112-0287

DAVID TURESKY ESQ
477 CONGRESS ST
SUITE 400
PORTLAND ME 04101