STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-14-11
*TDW-CUM -06-19-14*

JONATHAN MONRO, et al.,

Plaintiffs,

STATE OF MAINE
Cumberland ss Clerk's Office

JUN 10 2014

RECEIVED

v.

ORDER

CITY OF PORTLAND, et al,

Defendants

Pursuant to this court's order dated June 5, 2014 plaintiffs have submitted further authority with respect to Count III of their complaint.

Only one of the two cases plaintiffs have submitted bears any similarity to the case at bar. In *Mutton Hill Estates Inc. v. Town of Oakland*, 468 A.2d 989 (Me. 1983), opponents of a subdivision had engaged in ex parte meetings with members of the Planning Board to prepare findings which the Oakland Planning Board then adopted without discussion.

In this case plaintiffs' complaint alleges that the Portland Planning Board voted to approve the project on January 14, 2014 even though the stormwater drainage plan was incomplete, and that a written decision was issued on January 28, 2014. Complaint ¶¶ 31-32, 47. Plaintiffs also allege that "subsequent to the Planning Board's approval," planning board staff met ex parte with the developer on the subject of stormwater drainage. Complaint ¶ 49. This leaves open the possibility that those meetings were held after the January 14 vote and before the January 28 written decision and that those meetings contributed to the written findings in the decision.

Based on that possibility, the court will deny the motion to dismiss Count III. In so doing, it construes Count III as alleging that there were procedural improprieties with respect to stormwater drainage. The court does not agree that a constitutional violation has been alleged.

Plaintiffs are entitled to challenge the Planning Board's decision on the theory that the stormwater drainage plan was incomplete. They are also entitled to challenge the Planning Board's decision based on alleged procedural improprieties with respect to stormwater drainage.[1] However, a right to have stormwater properly addressed does not constitute a property interest for purposes of the due process clause of the Maine and U.S. Constitutions. Unlike the developer in *Mutton Hill Estates*, which was denied the right to develop a 12-acre subdivision, plaintiffs have not been deprived of any constitutionally protected property interest by the Planning Board's approval.

The entry shall be:

For the reasons set forth above, defendants' motion to dismiss Count III of the complaint is denied. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: June _19_, 2014

Thomas D. Warren
Justice, Superior Court

---

[1] The court reserves decision on whether and to what extent the Planning Board was required to consider stormwater drainage.

2

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

SANDRA GUAY ESQ
WOODMAN EDMANDS DANYLIK AUSTIN     *Plaintiffs Attorney*
PO BOX 468
BIDDEFORD ME 04005

JENNIFER THOMPSON ESQ
389 CONGRESS STREET ROOM 211
PORTLAND ME 04101

*Defense Attorneys*

NATALIE BURNS ESQ
JENSEN BAIRD GARDNER & HENRY
PO BOX 4510
PORTLAND ME 04112